## TURNEY v COLLISTER

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12222. Decided June 27, 1932

Turney and Sipe, Cleveland, for plaintiff in error.

P. L. A. Lieghley, Cleveland, and E. P. Westenhaver, Cleveland, for defendant in error.

VICKERY, J.

It is now sought to restrain the County from collecting the taxes and penalties upon the lots that had been transferred to individual owners who had received deeds and to whom the property had been transferred, because, as it is claimed, the unpaid taxes were assessed against the property after the conveyance to Turney from the sheriff.

An examination of the record will show that this is not true. They were assessed against these lots prior to the sheriff's sale, and if the transferees did not have good deeds they could have easily procured good deeds without going to the extraordinary remedy of enjoining the County Treasurer from collecting taxes, for the taxes and penalties thereon were due, not against the Miles Richmond Realty Company, but against the individual owners who had purchased said lots.

Now if it was necessary for Turney to purchase this land for the purpose of protecting the lot owners, out of the Seven

Thousand Dollars that went to the Miles Richmond Realty Company as is shown by the order of distribution, he could easily have taken one thousand dollars of that and paid these taxes, at least they were not assessed against this property after he purchased it from the sheriff. They were due upon said property prior to the sale and charged against said property. I have not examined the abstract or certificate of title, but one would almost hazard the guess that that contained the sale of certain lots from off the entire tract and nobody could buy that without having full knowledge of the situation, especially one could not buy it who stood back of the whole proceedings and bought the land for the purpose of protecting these individuals. If the Miles Richmond Realty Company had promised to pay these taxes and it had not paid them, then it would be perfectly proper and right to have paid the amount that was due on these lots for taxes out of the money that was returned to the Realty Company as shown by the order of distribution. If the Miles Richmond Realty Company had agreed to pay them, they were certainly chargeable to the lots owned by the individuals who were made parties to this suit and failed to answer, and those persons cannot complain because they are not released from these taxes in the manner in which they now seek to deprive the County of what is justly due it now, nor can they quiet title against the County Treasurer in the manner in which it is sought to be done in the instant case. Such a plan would be operating a fraud upon the County and the County Treasurer as an officer of said County.

After going over this whole record we have come to the conclusion that the plaintiff is not entitled to the relief he seeks, either as to an injunction or as to quieting title, and the petition will, therefore, be dismissed.

LEVINE, PJ, and WEYGANDT, J, concur.